Ralph Emerson KAUFMAN, Appellant,

v.

The STATE of Texas, State.

No. 2-81-114-CR.

Court of Appeals of Texas,
Fort Worth.

April 14, 1982.

Crampton, Crampton & Estrada and Robert G. Estrada, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Steve Shelton, Asst. Dist. Atty., Wichita Falls, for the State.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

Ralph Emerson Kaufman has appealed his conviction of the offense of rape. The jury that found him guilty assessed his punishment at confinement in the Texas Department of Corrections for a term of five years.

We affirm.

Appellant's only ground of error claims there was insufficient evidence to sustain a conviction. Viewing the evidence in a light most favorable to the verdict we must determine if there are sufficient facts to support it. *Williams v. State*, 567 S.W.2d 507 (Tex.Cr.App.1978). To narrow the scope of appellant's ground of error, the question here is: "Did Yvonne De LaGarza, the prosecutrix, present such earnest resistance as might reasonably be expected under the circumstances?"

Ms. De LaGarza testified to having left her job to go home because of severe stomach cramps. At home she bathed, donned a heavy, long night shirt and panties and turned down her bed. When appellant knocked on her door she opened it partly and he asked to come in for coffee. He more or less stumbled into the room and appeared to be intoxicated. She made him a cup of coffee.

Appellant told her he had passed out in his car and that he "shot up" in his leg. She took this to mean that he shot up with drugs. He also told her that he had "blown somebody's brains out before"—"some guy he got mad at". After attempting to kiss her several times appellant pulled her down on his lap but she got away and asked him to leave. His answer was to throw her on the bed, off of which she escaped. He threw her on the bed again, held her down and put his hands on her panties. She said she pushed at him and closed her legs and resisted as much as she could considering her stomach cramps. She said she was afraid to kick him because she didn't want to upset him.

Appellant, she said, finally got her panties off and began penetrating her. She said she kept backing up on the bed until he had her jammed against the headboard. She said also that she did not kick, bite or scratch him because she did not want her brains "blown out" "like he said he had done before".

When appellant had his climax he went to the bathroom. Prosecutrix left the apartment and went to the house next door where she called her sister and told her "Ralph raped me".

Appellant's account of the proceedings made the prosecutrix out to be the aggressor. The jury did not believe him and believed her, as is signified by their verdict. We hold the evidence sufficient to sustain their verdict. The prosecutrix had every reason to fear to contrary a man who intimidated her with his tale of killing one at whom he got angry. At any rate the jury found it sufficient to convict and we cannot argue with their decision.

We affirm.